**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PATRICK GALLO, individually and on behalf of all others similarly situated, et al., <br><br> Plaintiff, <br><br> v. <br><br> PHH MORTGAGE CORPORATION, <br><br> Defendant. | Civil No. 12-1117 (NLH/KMW) <br><br><br> **OPINION** |

**APPEARANCES:**

PETER A. MUHIC
SAMANTHA E. JONES
TYLER STEPHEN GRADEN
EDWARD W. CIOLKO
SHANNON O. LACK
DONNA SIEGEL MOFFA
JAMES A. MARO, JR
KESSLER TOPAZ MELTZER & CHECK, LLP
280 KING OF PRUSSIA RD
RADNOR, PA 19087
    On behalf of plaintiffs

PETER J. LEYH
BRAVERMAN KASKEY P.C.
ONE LIBERTY PLACE, 56TH FLOOR
1650 MARKET STREET
PHILADELPHIA, PA 19103-7334

WEINER BRODSKY KIDER PC
MITCHEL H. KIDER
DAVID M. SOUDERS
BRUCE A. ALEXANDER
1300 19TH STREET, N.W., FIFTH FLOOR

1

```
WASHINGTON, D.C. 20036
     On behalf of defendant

DEEPA J. ZAVATSKY
MARK S. MELODIA
REED SMITH LLP
136 MAIN STREET
SUITE 250
PRINCETON, NJ 08540
     On behalf of interested party American Security Insurance
     Company
```

**HILLMAN, District Judge**

This matter has come before the Court on the motion of plaintiff to consolidate for all purposes this putative class action with Finch v. PHH, Civil Action No. 14-1694 (NLH/AMD), which is currently consolidated with this action for discovery purposes.  These two matters both involve defendant PHH's "forced-placed" or "lender-placed" hazard insurance policies, which are imposed as a part of home mortgage agreements, and both matters involve the same alleged scheme by PHH.

At the February 11, 2015 hearing in the Finch matter, the Court, having reviewed the two matters closely, expressed to the parties its independent observation that it appeared that the matters should be consolidated.  The Court ordered plaintiff to file a formal motion to consolidate because defendant did not consent to the consolidation.

In his motion plaintiff argues:

2

> By consolidating these actions, the Court will be able to evaluate and consider, in a single proceeding, class certification issues common in the actions, including the arguments for a nationwide RICO class and the appropriate contours of the various state law subclasses in the cases. Absent consolidated proceedings, these issues would be presented separately in each action despite the fact that they implicate virtually identical factual and legal issues. Consolidated proceedings would achieve a measure of economy and efficiency at the merits phase as well by eliminating the burden of separately engaging in the analyses of identical contracts and virtually identical breach of contract claims (including breach of the implied covenant of good faith and fair dealing). Moreover, consolidation would allow the Court to issue just one decision and opinion at each phase of the proceedings (*i.e.* class certification, summary judgment and/or trial), thereby addressing the common procedural, factual and legal issues presented in both actions.  In short, it cannot be disputed that the common questions of law and fact raised in these two actions involving substantially similar allegations arising out of the exact same force-placed insurance practices of a single Defendant weigh heavily in favor of consolidation.

(Docket No. 193-1 at 12-13).

In contrast, defendant argues, *inter alia*, that (1) no common questions of fact exist because the two cases concern different state laws; and (2) defendant has been prejudiced by the delayed resolution of its oppositions to plaintiff's class certification motions because of plaintiff's counsel's decision to file two separate law suits, which have been able inappropriately to morph into claims now amendable to consolidation. (Docket No. 196 at 18, ("The plaintiffs' attorneys are using *Finch* to amend *Gallo*.").

3

Federal Civil Procedure Rule governing consolidation of cases provides:

> a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
>> (1) join for hearing or trial any or all matters at issue in the actions;
>> (2) consolidate the actions; or
>> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

Rule 42 supplements the Court's "inherent power to control the disposition of cases on its docket with economy of time and effort for itself, for counsel and for litigants." Liberty Lincoln Mercury, Inc. v. Ford Mktg. Corp., 149 F.R.D. 65, 80 (D.N.J. 1993) (citations and quotations omitted).  The mere existence of common issues does not automatically require consolidation, but rather the Court must balance such factors as the interest or efficiency and judicial economy gained through consolidation, against the delay or expense that might result from simultaneous disposition of separate actions.  Id.  "In the absence of an articulated basis to assert confusion or prejudice, consolidation is generally appropriate." In re Lucent Technologies Inc. Sec. Litig., 221 F. Supp. 2d 472, 480 (D.N.J. 2001).

Noting that the two actions have already been consolidated

4

for discovery purposes, where "all discovery in one action shall be deemed produced and available for use in the other" (Docket No. 30), the Court finds that defendant's objections to the consolidation of the two cases do not prevail over plaintiff's articulation of, and the Court's own analysis of, the need to consolidate these cases.  Because the two cases concern the same defendant and the same alleged force-placed insurance scheme, and a decision on a fact or legal issue in one case would directly affect the other, consolidation of the two actions will serve to prevent confusion and prejudice, and foster economy and efficiency.

The Court points out, to assuage defendant's concerns, that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933); Newfound Mgmt. Corp. v. Lewis, 131 F.3d 108, 116 (3d Cir. 1997) (stating that Johnson remains the "authoritative" statement on the law of consolidation, citing 9 Wright & Miller, Federal Practice and Procedure: Civil 2d § 2382, at 430 (1995)).  Moreover, "if the discovery process reveals a substantial reason why the actions should not be consolidated for the purpose of trial, this

5

decision can be revisited." <u>In re Lucent Technologies Inc. Sec. Litig.</u>, 221 F. Supp. 2d 472, 482 (D.N.J. 2001) (consolidating two separately filed class actions); <u>see also</u> Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.").

Consequently, the Court will grant plaintiff's motion to consolidate this action with <u>Finch v. PHH</u>, Civil Action No. 14-1694 (NLH/AMD) pursuant to Federal Civil Procedure Rule 42(a). An appropriate Order will be entered.


December 22, 2015                         s/ Noel L. Hillman
At Camden, New Jersey                     NOEL L. HILLMAN, U.S.D.J.